# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
8/18/20

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:20-mj-384
THE CELLULAR TELEPHONE ASSIGNED CALL )
NUMBER 704-906-4287 )
)

**APPLICATION FOR A SEARCH WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the  Southern  District of  Ohio , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1); 846 | Conspiracy to possess with the intent to distribute and to distribute controlled substances |
| 21 USC s. 843(b) | Use of a communications facility to commit a felony |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

**CHARLES VILL**
Digitally signed by CHARLES VILL
Date: 2020.08.18 16:26:52 -04'00'

*Applicant's signature*

DEA SA Charles A. Vill
*Printed name and title*

Sworn to before me and affirmed in my presence via reliable electronic means.

Date:  08/18/2020 

*Michael Newman*
Michael J. Newman
United States Magistrate Judge

*signature*

, US Magistrate Judge
*Printed name and title*

City and state:  Dayton, Ohio 

5:32 PM, Aug 18, 2020    Via electronic means.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 704-906-4287 | Case No. 3:20-mj-384 _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Charles A. Vill**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 704-906-4287 with listed subscriber(s) "A 4809 WILKINSON ENTERTAINMENT LLC" with the customer name listed as "SHERRILL" and subscribed to the address 4809 Wilkinson Blvd, Charlotte, NC (the "Target Cell Phone"), whose service provider is **T-Mobile**, a wireless telephone service provider headquartered at 4 Slyvan Way, Parsippany, NJ 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. Your Affiant is a Special Agent with the United States Drug Enforcement Administration (DEA), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by me or relayed to me by other law enforcement officers involved in this investigation. I have been employed as a Special Agent with the DEA since August 2016. In September 2016, I attended the DEA Academy which consisted of 20 weeks of training in conducting federal drug trafficking investigations, handling confidential sources, conducting undercover operations, conducting mobile, static, foot and electronic surveillance, conducting tactical entry and vehicle arrest operations, defensive tactics, firearms, and additional aspects of conducting DEA lead investigations. I have been assigned to the DEA Dayton Resident Office since April 2017. Prior to employment with the DEA, I was a sworn Law Enforcement Officer of the State of Georgia who was charged with the duty to investigate criminal activity and enforce the criminal laws of the State of Georgia, and employed by the Cobb County Police Department from December 2011 to August 2016. During my employment with the Cobb County Police Department I was assigned to the Marietta-Cobb-Smyrna Organized Crime Task Force Intelligence Unit (MCS Intelligence). For approximately two years (2012-2014), I was assigned to the Cobb County Police Precinct 3 Morning Watch. I was then assigned to MCS Intelligence from April 2014 to August 2016. My duties included investigations of violations of the Georgia Controlled Substances Act, Murder for Hire, Extortion, Prostitution and Pimping, Human Trafficking, and Criminal Street Gangs.

4. Since the time of my assignment with the DEA, and during time spent as a Cobb County Police Officer, I have been involved in narcotics-related arrests, executed search

warrants that resulted in the seizure of narcotics, and participated in undercover narcotics purchases.  Through training and experience, I am familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, and where they store controlled substances and the illegal proceeds derived.

5. Through training and experience, your Affiant is aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of standard hardline telephones, cellular telephones and digital display paging devices, or use of multiple telephones or other devices, to avoid detection by law enforcement.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that **NOAH SHERRILL** has violated Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) (conspiracy to possess with the intent to distribute and to distribute more than 5 kilograms of cocaine and 400 grams of fentanyl.  A grand jury sitting in the Southern District of Ohio returned an indictment against **NOAH SHERRILL** for this crime on August 11, 2020.  The Court then issued an arrest warrant on August 11, 2020.  There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting **NOAH SHERRILL** who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8.   The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is the Southern District of Ohio a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9.   The United States, including the Drug Enforcement Administration (DEA) has been conducting a criminal investigation of **NOAH SHERRILL** regarding violations of Title 21, United States Code, Section 846 and 841(a)(1) and 841(b)(1)(A) (conspiracy to possess with the intent to distribute and to distribute more than 5 kilograms of cocaine and 400 grams of fentanyl).

10.  On August 11, 2020, a Grand Jury sitting in the Southern District of Ohio, returned an indictment against **NOAH SHERRILL** for this crime.  The Court subsequently issued an arrest warrant for **NOAH SHERRILL.**

11.  On August 12, 2020, Law Enforcement issued an Administrative Subpoena for the subscriber and call detail records for the **Target Cell Phone**. Subpoena returns showed the **Target Cell Phone** was registered to "A 4809 WILKINSON ENTERTAINMENT LLC" with the customer name listed as "SHERRILL" and subscribed to the address 4809 Wilkinson Blvd, Charlotte, NC.

12.  Investigators subpoenaed Apple Inc. for subscriber data for the iCloud associated with the **Target Cell Phone** which showed the account was registered to **NOAH SHERRILL**.

13.  Investigators also reviewed a police report dated June 14, 2018 in which **NOAH SHERRILL** reported the theft of a vehicle to the Charlotte-Mecklenburg Police Department.

During this theft report **NOAH SHERRILL** listed the **Target Cell Phone** as his telephone number.

14. Call detail records for the **Target Cell Phone** show that the phone is still active, and has been in contact with other indicted co-conspirators such as **ROGER WALTON** as recently as August 5, 2020, and **GLYNN SEWELL** as recently as August 9, 2020.

15. In my training and experience, I have learned that **T-Mobile** is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records**.**  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data is typically less precise that E-911 Phase II data.

16. Based on my training and experience, I know that **T-Mobile** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to

determine the location of the Target Cell Phone on **T-Mobile**'s network or with such other reference points as may be reasonably available.

17. Based on my training and experience, I know that **T-Mobile** can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as **T-Mobile** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search

warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court direct **T-Mobile** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **T-Mobile**. I also request that the Court direct **T-Mobile** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **T-Mobile**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **T-Mobile**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

/
/
/
/

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHARLES VI  Digitally signed by CHARLES V
             Date: 2020.08.18 16:27:52 -04'

Charles A. Vill
Special Agent
Drug Enforcement Administration

Sworn to before me and affirmed in my presence via reliable electronic means on August 18, 2020

Michael J. Newman
United States Magistrate Judge

Hon. Michael J. Newman
UNITED STATES MAGISTRATE JUDGE

5:32 PM, Aug 18, 2020

**Via electronic means.**

## ATTACHMENT A

**Property to Be Searched**

1. The cellular telephone assigned call number **704-906-4287,** with listed subscriber(s) "A 4809 WILKINSON ENTERTAINMENT LLC" **(**the "Target Cell Phone"), whose wireless service provider is **T-Mobile**, a company headquartered at 4 Slyvan Way, Parsippany, NJ 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **T-Mobile** including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-Mobile**, **T-Mobile** is required to disclose the Location Information to the government. In addition, **T-Mobile** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-Mobile**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **T-Mobile**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.     Information to Be Seized by the Government**

All information described above in Section I that will assist in arresting **NOAH SHERRILL**, who was charged with conspiracy to possess with the intent to distribute and to distribute more than five kilograms of cocaine and 400 grams of fentanyl in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B) on August 11, 2020, is the subject of an arrest warrant issued on August 11, 2020, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.